UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent,<br><br>vs.<br><br>HUGO ALEGRE,<br><br>　　　　　Petitioner. | CASE NO. CV 04-03366 MMM<br>　　　　　　CR 02-01178 MMM<br><br>ORDER DENYING PETITIONER'S<br>MOTION TO VACATE AND SET ASIDE<br>SENTENCE UNDER 28 U.S.C. § 2255 |

Petitioner Hugo Alegre has filed a motion under 28 U.S.C. § 2255 in which he requests that the court vacate his 60-month sentence. Alegre's asserts that he was sentenced in violation of his Fifth and Sixth Amendment rights under the Supreme Court's decision in *Blakely v. Washington*, 542 U.S.296 (2004).[1] Alegre's second claim asserts that his attorney provided ineffective assistance of counsel.

Alegre's *Blakely*/*Booker* claim fails because he waived his right to bring a collateral attack

---

[1] Since the time Alegre filed his motion, the Supreme Court extended *Blakely* to the Federal Sentencing Guidelines. See *United States v. Booker*, 543 U.S. 220 (2005). Accordingly, the court will consider Alegre's *Blakely* claim under *Booker* as well.

on his sentence, because his Sixth Amendment right to trial by jury was not violated, and because *Blakely* and *Booker* do not apply retroactively to cases on collateral review. Alegre's ineffective assistance of counsel claim fails because he cannot satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

## I. FACTUAL BACKGROUND

On November 7, 2002, the Government filed an indictment charging Alegre with (1) conspiring to commit bank fraud, structuring transactions to evade reporting requirements, and money laundering; (2) bank fraud; (3) structuring transactions to evade reporting requirements; and (4) concealing money laundering.[2] Soon thereafter, petitioner retained the services of defense attorney Chaim Magnum.[3] After discussing the case and the evidence with petitioner, Magnum began plea negotiations with the government.[4]

On February 24, 2003, Alegre pled guilty to counts 1 and 11 of the indictment.[5] In his plea agreement with the government, Alegre waived "any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except [one] based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction."[6]

---

[2] See Indictment, Govt's Opp., Exh. H.

[3] See Magnum Decl., attached to Govt's Opp.

[4] See *id*.

[5] See Minutes of Change of Plea Hearing, Feb. 24, 2003.

[6] Plea Agreement ¶ 25. Petitioner also waived his right to appeal "any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence [wa]s determined, provided that: (a) the sentence [wa]s within the [20 year] statutory maximum, (b) the Court d[id] not depart upward in offense level or criminal history category, and (c) the Court determine[d] that the total offense level [wa]s 29 or below and impose[d] a sentence within the range corresponding to the determined total offense level." *Id*.

After pleading guilty, but prior to sentencing, Magnum associated another attorney, Bruce Zucker, on the case.[7] On May 19, 2003, Alegre was sentenced to a term of imprisonment of 60 months. He was also ordered to pay $705,846.17 in restitution and a $200 special assessment.[8]

Alegre filed a motion to vacate, set aside, or correct his sentence on May 12, 2004. Alegre filed a supplement to the initial motion on July 8, 2004, and a motion seeking leave to file a further supplement on July 29, 2004. This motion was granted on August 10, 2004.

## II. DISCUSSION

### A.   Legal Standard Governing § 2255 Motions

A petitioner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides:

> "[A] prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

If any of these grounds exists, the court must "vacate and set the judgment aside and . . . discharge the prisoner or release him or grant a new trial or correct the sentence as may appear appropriate." *Id.* Where the motion, files, and records of the case "conclusively show that the prisoner is entitled to no relief," the court need not hold a hearing to address his allegations. 28 U.S.C. § 2255; see also *United States v. Zuno-Arce*, 209 F.3d 1095, 1102 (9th Cir. 2000); *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986).

---

[7] See Magnum Decl. ¶ 10.

[8] See Minutes of Sentencing, May 19, 2003.

### B.     Alegre Waived His Right to Challenge the Sentence Under *Blakely/Booker*

Alegre's *Blakely/Booker* claim must be denied, as an initial matter, because he waived his right to bring a collateral attack on the sentence in his plea agreement. See *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.) (holding that the right to bring a collateral attack is statutory and may be knowingly and voluntarily waived), cert. denied, 508 U.S. 979 (1993); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) ("We have held that a defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence"). Because there is no evidence that Alegre's waiver was other than knowing and voluntary, see *infra* Part E, the court must enforce it here, and conclude that he gave up the right to attack his sentence under *Blakely* and/or *Booker*.

### C.     Alegre's Sixth Amendment Right To Trial By Jury Was Not Violated

Even if Alegre could assert a *Blakely/Booker* claim, it would fail because his Sixth Amendment right to trial by jury was violated. The court did not increase Alegre's sentence by finding additional facts. In calculating Alegre's sentence under the sentencing guidelines, the court applied two enhancements; the first increased Alegre's offense level based on the fact that the crime involved more than $350,000 in laundered funds. It also increased Alegre's offense level based on his leadership role in the conspiracy. Alegre, however, admitted in his plea agreement that the criminal ring with which he was associated laundered $582,953.43 in postal money orders, and that he was an organizer and leader of the criminal conspiracy, which involved more than five participants or was otherwise extensive.[9] Consequently, the court's sentence complies with *Blakely*'s statement "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." See *Blakely*, 542 U.S. at 303.

### D.     Even If Alegre Had A Viable *Blakely/Booker* Claim, The Decisions Do Not Apply Retroactively

More fundamentally, the Ninth Circuit has held that neither *Booker* nor *Blakely* can be

---

[9]See Plea Agreement ¶¶ 16-17.

4

applied retroactively on collateral review. See *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) ("*Booker* is not retroactive, and does not apply to caes on collateral review where the conviction was final as of the date of *Booker*'s publication"); *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005) ("We also hold that the Supreme Court announced a new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was final before that decision was announced"). Alegre's *Booker/Blakely* claim fails for this additional reason as well.

### E.    Alegre's Ineffective Assistance Of Counsel Claims

Alegre's second claim is that he received ineffective assistance of counsel in connection with his execution of the plea agreement and his sentencing. Alegre also argues that his attorney was ineffective on appeal.

Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 687 (1984).

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

#### 1.    Alegre's Claim That He Received Ineffective Assistance in Connection with His Execution of the Plea Agreement

Alegre first contends that his counsel was ineffective during plea negotiations and at the plea colloquy. He asserts:

> "The alleged error of counsel was 1) Failure to investigate and 2) the discovery of the evidence would have led counsel to change his recommendation as to the plea. Counsel would have discovered had he conducted an investigation that the petitioner[ ] had solely committed a **'fraud'** and that as matter of law no **'money**

5

**laundering offense had occurred,'** the activity does not affect any <u>interstate</u> or <u>foreign</u> <u>commerce</u> within the United States Postal Service upon absence of transference to interstat[e] level or to any foreign country through the bank fraud."[10]

"Movant[ ] did not understand the sentence range he faced acknowledged he was informed that for conspiracy under § 371 would receives a 20 years rather tha[n] **'five years'** as statutorily is mandate[d] under § 371. The petitioner[ ] was not informed nor advi[sed] of any statutory minimum for the offenses charged in the indictment, both counsel and government through the plea agreement advised the petitioner[ ] that he faced a penalty of **'20 years imprisonment,' and '40 years for all offense to which defendant is pleading guilty.'**[11]

"The Court did not ask[ ] the petitioner[ ] to explain in his own words what he did that made him guilty of count one and three of the indictment, all the court confirmed was the plea agreement and government version of facts."[12]

"Counsel was ineffective upon lack of objection that the indictment was multiplicitous because it charges with conspiracy to laundering money on count one and with laundering money on count eleven which form[ed] the basis for the conspiracy charge and or the base for the count eleven charge."[13]

"Petitioner[ ] was coerced and pressured from the trial counsel to plea of guilty upon counsel['s] information and affirmation that if plea of not guilty be entered the government would wish a 'life' sentence against the movant[ ] for his trial

---

[10] Pet.'s Supp. at 8.

[11] *Id.* at 9.

[12] *Id.*

[13] *Id.*

6

assertion."[14]

"The court also did not make inquir[y] as to whether the defendant's willingness to plead guilty results from 'prior discussions between the attorney for the government and the defendant of his attorney."[15]

"Petitioner[ ] was not advised that if the court chooses, this would no accept the defendant's entry of plea of guilty, the petitioner[ ] in accordance with the document was warn[ed] that the court sentencing was not bound by this agreement, that the judge was free to impose sentence, which enhanced the coercion of the trial attorney to obtain the guilty plea."[16]

Alegre's claims are not adequately supported. Petitioner has submitted no declarations or evidence in support of his ineffective assistance claims, and also failed to sign the supplement to his initial motion under penalty of perjury, as required by Rule 2 of the Rules Governing Section 2255 Proceedings. Cf. *United States v. Howard*, 381 F.3d 873, 880 n. 6 (9th Cir. 2004) (declining to consider whether unsworn allegations should be considered in determining a petitioner's right to an evidentiary hearing on a § 2255 motion because the motion was signed under penalty of perjury and the sworn allegations were sufficient to warrant a hearing). Thus, the record is comprised exclusively of unsupported assertions that his attorney provided ineffective assistance of counsel. This does not suffice to carry Alegre's burden of proof on the issue.[17]

---

[14]*Id.* at 4.

[15]*Id.* at 4-5.

[16]*Id.* at 5.

[17]Even were the court to address Alegre's claim that trial counsel was ineffective on its merits, he would not be entitled to relief. As for Alegre's claim that counsel failed to perform an adequate investigation, he does not identify what investigation counsel purportedly failed to perform, or how it would have affected the outcome of the action. "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). As for Alegre's claim that he was not

informed of the statutory maximum sentence, this is contradicted by his own statements. Alegre admits that the plea agreement informed him of the statutory maximum sentence. (See Pet.'s Supp. at 9; see also Plea Agreement at 3, ¶ 5.) Alegre's third claim – that the court should have asked him to explain in his own words why he was guilty of the crimes to which he pled guilty fails because Rule 11 contains no such requirement. See FED.R.CRIM.PROC. 11. The court conducted a full and thorough plea colloquy, and specifically offered to have the indictment read in court. Petitioner confirmed that he had previously had the indictment translated for him and waived its reading in court. (See Reporter's Transcript, Feb. 24, 2003, at 5.) The court asked Alegre to describe in his own words the purpose of the hearing; Alegre stated that he had come to court to plead guilty. See *id.* at 6-7. Alegre's fourth claim that the indictment was not multiplicitous also fails. Counts one and eleven were not multiplicitous because each count required proof of an element that the other did not. See *United States v. Gann*, 732 F.2d 714, 718 ("The general rule is that a defendant may be prosecuted and sentenced for the same act under separate federal criminal statutes if each statute requires a proof of fact which the other does not"). Count one required proof of an agreement, while count eleven required proof of a financial transaction that involved a financial institution engaged in interstate or foreign commerce. See 9TH CIR. CRIM. JURY INSTR. 8.16, 8.121 (2003). Alegre's claim that he was coerced to plead guilty is directly contradicted by the declarations of his counsel. Even if the claim were true, moreover, the Supreme Court has consistently held that the possibility of greater punishment at trial does not constitute impermissible coercion. See, e.g. *Brady v. United States*, 397 U.S. 742 (1970) (holding that the Government's use of the death penalty during plea negotiations did not render the defendant's plea involuntary). Alegre's sixth claim, which asserts that the court failed to inquire whether his willingness to plead guilty was the result of discussion with counsel, is simply not true. The court directly asked Alegre whether he "had an opportunity to discuss all of these various rights with [his] lawyer, Mr. Magnum?" Petitioner replied, "Yes, we have talked about them." The court further inquired whether Alegre would "like to have any more time to talk with him about them at this point?" Petitioner replied, "No, everything is fine, thank you." (Reporter's Transcript, Feb. 24, 2003, at 8.) Alegre's seventh claim that he was not told the court was not bound by the terms of the plea agreement at sentencing is also false. The court specifically informed Alegre "that the Court will not be able to determine the guideline sentence for your case until a presentence report has been prepared by the probation department." Petitioner stated that he understood this. The court also explained that neither the court nor his counsel could tell him with any certainty what guidelines were going to apply to his case or what his actual sentence would be. (*Id.* at 16, 18.) Finally, the court asked if Alegre understand that the court was not a party to the plea agreement and was not bound by any of its terms. Alegre said he understood. (*Id.* at 20.)

In sum, Alegre's allegations are either directly refuted, or too vague or conclusory to warrant relief. See *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (holding that conclusory allegations, unsupported by specific facts, do not support a claim for relief under § 2255); *Stein v. United States*, 390 F.2d 625, 627 (9th Cir. 1968) ("It is well-established that mere conclusory allegations are not sufficient to warrant relief under a 2255 motion").

### 2. Alegre's Claim That Counsel Was Ineffective At Sentencing

Alegre's second claim is that his counsel was ineffective at sentencing. He states: "[C]ounsel did not <u>object</u> [when] the district court failed to consider the mandatory factors set forth in 18 U.S.C. § 3664(f)(2), including Alegre's financial resources and assets, his projected earning and income, and his financial obligations. Counsel did not object nor argues for the record the district Court abused its discretion in failing to set a clear 'schedule' for the payment of restitution. Counsel in accordance with § 3664(f)(2) did not allege[ ] his client was lacking of financial resources and other assets of the petitioner, including whether any of these assets are jointly controlled."[18]

"Here, counsel let his client be sentenced to pay the entire loss even though codefendant[s] were required to pay portions of the same loss."[19]

"The counsel was fatally ineffective upon did not complained [sic] to the district court error by **'[f]ailing to limit the total recovery by the bank to that Bank actual loss to avoid a windfall,'** the judgment did not provide explicitly that the Bank recovery is limited to the amount of loss nor that each defendant's liability for restitution <u>ceases</u> if and when the Bank receive full restitution."[20]

"Counsel error of allowing the government to use[ ] the sentencing issues according Guideline § 2S1.1 of the November 1, 2000 manual was ineffective assistance."[21]

"Counsel without petitioner's consent or knowledge allowed unknown at petitioner's a [sic] sentence representation from counsel who had no[t] investigate[d] and was unfamiliar with the case. Counsel who speak [for]

---

[18] Pet.'s Supp. at 1-2.

[19] *Id.* at 2.

[20] *Id.* at 3.

[21] *Id.* at 6.

> petitioner[ ] at sentence time had not met nor had investigate any facts of the case. Movant's did not consent any appearance from the unknown counsel. And the counsel appointed was totally silent at sentencing hearing and say not an iota regarding the case. There was not consent, acquiescence; authorization from the unknown counsel to speak on the defendant's behalf."[22]

Again, Alegre's claims are not adequately supported. Petitioner has not only failed to submit declarations or evidence in support of his ineffective assistance claims, but also failed to sign the supplement to his initial motion under penalty of perjury, as required by Rule 2 of the Rules Governing Section 2255 Proceedings. Cf. *United States v. Howard*, 381 F.3d 873, 880, n. 6 (9th Cir. 2004) (declining to consider whether unsworn allegations should be considered in determining a petitioner's right to an evidentiary hearing on a § 2255 motion because the motion was signed under penalty of perjury and the sworn allegations were sufficient to warrant a hearing). Thus, the record is comprised exclusively of unsupported assertions that his attorney provided ineffective assistance of counsel. This does not suffice to carry Alegre's burden of proof on the issue.[23]

---

[22] Pet.'s Mot. at 5.

[23] Even were the court to attempt to address Alegre's ineffective assistance allegations on their merits, he would not be entitled to relief. As to Alegre's first claim that the court failed to set a clear schedule for the payment of restitution, the claim is not true. The court set forth a detailed payment schedule in the Judgment and Probation/Commitment Order. Alegre's second and third claims that counsel failed to limit restitution also fail. In fact, Alegre's counsel successfully persuaded the court to reduce the initial restitution payment from $25,000 to $20,000. (See Magnum Decl., ¶ 13, attached to Govt's Opp.) Additionally, the Mandatory Victim Restitution Act (MVRA) states that "the court shall order restitution . . . without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The MVRA further states that "the court may make each defendant liable for payment of the full amount of restitution." *Id.*, § 3664(h). Alegre's fourth claim is that counsel was deficient for allowing the court to apply the 2000 Guidelines. Petitioner received a lower sentence under the 2000 Guidelines than he have under the 2002 Guidelines, however. The 2002 Guidelines would have yielded a total offense level of 25 for a conviction of money laundering, rather than the offense level of 24 to which Alegre and the government stipulated in the plea agreement. (See Magnum Decl., ¶ 12, attached to Govt's Opp.)

1   Only Alegre's final claim, that new counsel was associated into the case without consent,
2   was supported by a declaration under penalty of perjury. Alegre, however, consented in writing
3   to Zucker's association.[24] Additionally, Zucker worked with Magnum and substantially assisted
4   in Alegre's representation at sentencing. Zucker is a former United States Probation Officer and
5   is quite knowledgeable about the Sentencing Guidelines.[25] Consequently, this claim fails on the
6   merits.

### 3.   Alegre's Claim That Counsel Was Ineffective on Appeal

Alegre's final claim is that counsel was deficient for failing to file an appeal. He asserts that "[c]ounsel refused to filing [an appeal,] after be[ing] instructed to do so."[26] Alegre, however, explicitly waived his right to appeal in the plea agreement.[27] Additionally, Magnum has submitted a declaration stating that "[n]either Mr. Alegre nor anyone else asked me to file an appeal at any time."[28] In *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), the Supreme Court explained that "[a]lthough not determinative, a highly relevant factor in this inquiry [(whether counsel should have filed an appeal)] will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."

Here, Alegre received the benefit for which he bargained. As the court explained at sentencing:

---

[24] See Notice of Association of Counsel at 3.

[25] See Magnum Decl., ¶¶ 10-13, attached to Govt's Opp.

[26] Pet.'s Mot. at 6.

[27] Plea Agreement ¶ 25.

[28] Magnum Decl., ¶ 15, attached to Govt's Opp.

11

> "Mr. Alegre, in your plea agreement you gave up your right to appeal any sentence that was imposed as well as the manner in which that sentence was determined so long as it was within the statutory maximum provided by law, the Court did not depart upward in offense level or criminal history category and the Court determined that your total offense level was 24 or below.
>
> It appears to the Court that each of these conditions has been met and that you have waived your right to appeal."[29]

Because Alegre waived his right to appeal the sentence imposed, he cannot show prejudice even assuming *arguendo* that he asked Magnum to file an appeal. In sum, all of Alegre's claims that counsel rendered ineffective assistance are without merit.[30]

---

[29] Reporter's Transcript, May 19, 2003, at 29.

[30] Alegre requests that the court direct that he be provided with a copy of his transcripts so that he can further develop his ineffective assistance of counsel claims. He states that "[t]he absence of the transcriptions productions – despite [sic] payment fees are already collected from the Court reporter of this court – are attributable to the government and did hamper the petitioner's ability to filing in fully all and any of his ineffective assistance claims reflected in the record as a whole." Alegre requests that the action be stayed for 120 days so that he can review the transcripts. (Pet.'s Mot. for Stay at 1.)

Pursuant to 28 U.S.C. § 753(f), an indigent petitioner is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit. See *United States v. MacCollom*, 426 U.S. 317, 325 (1976). Section 753(f) provides: "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

As the Second Circuit explained in *United States v. Horvath*, 157 F.3d 131 (2d Cir. 1998), the standard for pleading facts sufficient to obtain certification under section 753(f) "dovetails with the standard for summary dismissal" of section 2255 motions generally. *Id.* at 133. Section 2255 motions may be summarily dismissed if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also *United States v. Zuno-Arce*, 209 F.3d 1095, 1102 (9th Cir. 2000). Here, Alegre has done little more than claim that the lack of a transcript "hamper[ed]" his ability to file ineffective assistance of counsel claims. As the court has summarily dismissed all of those claims, however, Alegre has not made the requisite showing required to botain transcripts. See *Birowski v. Snyder*, No. 01-578-JJF, 2002 U.S. Dist. LEXIS 27042, * 8 (D. Del. Aug. 27, 2002) ("Because the Court

### III.  CONCLUSION

For the foregoing reasons, petitioner's § 2255 motion is denied.

DATED: September 22, 2008

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

finds that the requested transcript will not advance Petitioner's claims, the Court will deny this request."); *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (affirming district court's denial of 2255 petitioner's request for transcripts where petition contained only conclusory allegations and merely stated that transcripts would be used to prepare ineffective assistance claims).